IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENT W. FOWLER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-03-321-RAW |
| | ) |
| INCOR, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the court is the motion of the defendants for new trial or alternatively to alter or amend the judgment. Following a bench trial, this court entered Findings of Fact, Conclusions of Law and a Judgment in favor of plaintiffs on February 12, 2009.

Regarding the motion for new trial, Rule 59(a)(1)(B) F.R.Cv.P. permits such a motion to be granted after a nonjury trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Rule 59(a)(2) F.R.Cv.P. permits this court to open the judgment, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

"A motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." 11 Wright, Miller & Kane, Federal Practice and Procedure, §2804 at 53 (2d ed.1995)(footnote omitted). Similarly, a Rule 59(e) motion is normally granted only to correct manifest errors of law or to present newly discovered evidence. *See Smith v. United States,* 561 F.3d 1090, 1097 n.8 (10th Cir.2009).

First, defendants argue that Kent Fowler did not appeal his right to overtime and this court was incorrect in considering the issue. The court agrees with plaintiffs that the Tenth Circuit vacated this court's previous Findings of Fact and Conclusions of Law and issued a general mandate. Under such a mandate, the district court "is free to decide anything not foreclosed by the mandate." *See Hicks v. Gates Rubber Co.,* 928 F.2d 966, 971 (10th Cir.1991). This court perceives no error.

Next, defendants complain of the court's ruling on certain evidentiary exclusions. The court explained its reasoning at the time and is not persuaded it committed error. Defendants also express their disagreement with the court's rulings on the "20% rule" and the "private home" issue. Defendants' disagreement is understandable, but does not create a legal basis for a new trial or an amended judgment.

Finally, defendants make an interesting argument and express the sincere belief that the regime established by the Tenth Circuit for analysis of these cases "conflicts with the spirit and objective of the Americans with Disabilities Act." Even if this court agreed (and the court expresses no view) a district court must follow the precedent of its circuit. *See United States v. Spedalieri,* 910 F.2d 707, 709 n.2 (10th Cir.1990).

It is the order of the court that the motion of the defendants for new trial or to alter and amend (##470 & 471) is hereby DENIED.

The motion of the defendants to stay execution of judgment pending post-trial motions (#478) is hereby deemed moot. The stay which has been in place pursuant to Local Civil Rule 62.1(a) is hereby lifted.

**ORDERED THIS 8th DAY OF JUNE, 2009.**

**Dated this 8th Day of June 2009.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0